IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

LEXOS MEDIA IP, LLC,

       Plaintiff,

   v.

URBAN OUTFITTERS, INC.
       Defendant.

CIVIL ACTION NO.   20-cv-1142

**JURY TRIAL REQUESTED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lexos Media IP, LLC ("Lexos Media" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Urban Outfitters, Inc. ("Defendant"), and states as follows:

## THE PARTIES

1.     Lexos Media is a Delaware limited liability company with a place of business located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074.

2.     Urban Outfitters is a corporation organized under the laws of Pennsylvania having its principal place of business at 5000 South Broad Street, Philadelphia, PA, 19112-1495.  Defendant may be served via its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3.    This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.    Defendant maintains a permanent physical presence within the Western District of Texas and has many regular and established places of business within the district including Urban Outfitters stores located at 3506 Guadalupe St, Austin, TX 78705 and 320 W. 2nd St Block 21, Austin, TX 78701; the Anthropologie stores located at 601 N. Lamar Blvd, Austin, TX 78703 and 11410 Century Oaks Terrace, Austin, TX 78758; and the Free People stores located at 524 N. Lamar Blvd, Austin, TX 78703 and 11700 Rock Rose #110, Austin, TX 78758.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this district, has committed acts of infringement in the district, and has a regular and established place of business in the district.

## THE '102 PATENT

6.    Lexos Media is the owner by assignment from the inventors, James Samuel Rosen, Thomas A. Schmitter, and Mark S. Hall, of all right, title, and interest in and to United States Patent Number 5,995,102 (the "'102 Patent") titled "Server

System and Method for Modifying a Cursor Image" including the right to sue for all past, present, and future infringement.

7.      Exhibit A is a true and correct copy of the '102 Patent.

8.      The '102 Patent issued from U.S. Patent Application No. 08/882,580 filed on June 25, 1997.

9.      The Patent Office issued the '102 Patent on November 30, 1999, after a full and fair examination.

10.     The '102 Patent is valid and enforceable.

11.     The '102 Patent describes a system for modifying a cursor image, as displayed on a video monitor of a remote terminal, to a specific image having a desired shape and appearance.



12.     The inventors of the '102 Patent, recognized that "there is a need for a simple means to deliver advertising elements, i.e. logos, animations, sound, impressions, text, etc., without the annoyance of totally interrupting and intrusive content delivery, and without the passiveness of ordinary banner and frame advertisements which can be easily ignored." '102 Patent at 2:27-33.  By providing a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal, the invention allows for the delivery of online advertisements which are nonobtrusive yet not easily ignored by the user.

13.     The '102 Patent provides several advantages over the prior art such as: (a) overcoming the shortcoming of traditional banner and frame advertisements that are easily ignored by the end user; and (b) avoiding the obtrusiveness and annoyance to the end user of online advertisements such as self-appearing windows which briefly take over a user's screen.

14.     The '102 Patent describes and claims a specific way to provide online advertising: (1) by using a server system to enable cursors or pointers to change color, shape, appearance, make sounds, display animation, etc. (2) in a way that is linked and related to the content of a web page.

15.     A person of ordinary skill in the art at the time of the invention would have recognized that the methods claimed in the '102 Patent were, at the time of

invention, unconventional and describe a process for delivering product information that was not routine or well known.

16.     A person of ordinary skill in the art at the time of the invention would have understood that, at the time of the invention, there was no conventional manner in which to use a server system for modifying a cursor to represent a portion of the subject or topic on the screen.  A skilled artisan, at the time of the invention, would have recognized the problem that online advertising suffered from, namely that conventional online advertising was either too easily ignored or too obtrusive.

17.     The '102 Patent provides a technical solution to the shortcomings identified by the inventors that were not addressed by solutions in the prior art: By "modifying a cursor image . . . to a specific image having a desired shape and appearance."  '102 Patent at Abstract.

18.     Asserted Claim 72 of the '102 Patent recites a method for modifying an initial cursor image displayed on a display of a user terminal connected including, among other things, receiving a request at a server to provide specified content information to the user terminal, providing the specified content information including at least one cursor display instruction and indication of cursor image data corresponding to a specific image:

72. A method for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server, comprising:

 receiving a request at said at least one server to provide specified content information to said user terminal;

 providing said specified content information to said user terminal in response to said request, said specified content information including at least one cursor display instruction and at least one indication of cursor image data corresponding to a specific image; and

 transforming said initial cursor image displayed on said display of said user terminal into the shape and appearance of said specific image in response to said cursor display instruction, wherein said specified content information includes information that is to be displayed on said display of said user's terminal, wherein said specific image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal, and wherein said cursor display instruction indicates a cursor display code operable to process said cursor display instruction to modify said cursor image to said cursor image in the shape and appearance of said specific image responsive to movement of said cursor image over a display of said at least a portion of said information to be displayed on said display of said user's terminal.

19. A person skilled in the art at the time of the invention would have understood that a "method for modifying an initial cursor image displayed on a

display of a user terminal connected to at least one server" was not, at the time of the invention, conventional, well-understood, nor routine.

20.    A person skilled in the art at the time of the invention would have understood that the claims recite steps and structural limitations operating in an unconventional manner to achieve an improved manner of online advertising.

21.    These technological improvements provide greater ability to reach an online audience through advertising and delivery of product information.

22.    The novel use and arrangement of the specific methods, combinations and steps recited in the '102 Patent claims were not well-understood, routine, nor conventional to a person skilled in the relevant field at the time of the inventions.

23.    The Patent Office confirmed the validity of claims 70 and 72 earlier this year.  *See Ralph Lauren Corp. v. Lexos Media IP, LLC*, IPR2018-01749 (April 3, 2020).

## THE '449 PATENT

24.    Lexos Media is the owner by assignment from the inventors, James Samuel Rosen, Thomas A. Schmitter, and Mark S. Hall, of all right, title, and interest in and to United States Patent No. 6,118,449 (the "'449 Patent") including the right to sue for all past, present, and future infringement.

25.    Exhibit B is a true and correct copy of the '449 Patent, titled "Server System and Method for Modifying a Cursor Image."

26.     The '449 Patent issued from U.S. Pat. App. No. 09/400,038 filed September 21, 1999.

27.     The Patent Office issued the '449 Patent on September 12, 2000, after a full and fair examination.

28.     The '449 Patent is valid and enforceable.

29.     The '449 Patent is a continuation of the '102 Patent and shares the '102 Patent's specification.

30.     The Patent Office confirmed the validity of claims 1-3, 5-7, 12-15, 28, 29, 31, 32, 38, 39, 53-56, 58-63, 73-75, and 77-80 earlier this year.  *See Ralph Lauren Corp. v. Lexos Media IP, LLC*, IPR2018-01755 (March 25, 2020).

## URBAN OUTFITTERS, INC.

31.     Urban Outfitters, Inc. was founded in 1970 as Free People.

32.     Defendant includes at least three retail groups for selling its brands. These groups include Urban Outfitters (Urban Outfitters brand), the Anthropologie Group (Anthropologie, Bhldn, and Terrain brands), and Free People (Free People brand).

33.     Defendant markets and sells its products through its retail groups.  Each of the retail groups provided a website for selling its branded products online during the terms of the asserted patents.  For example, Urban Outfitters provided a website

for marketing and selling its products as exemplified by its current website shown below.



https://www.urbanoutfitters.com/

34.     On Urban Outfitter's website, in response to a user hovering a cursor over an image of an item for sale, the cursor transformed into a square which may be moved around the image and displayed adjacent to the image a magnified view of the image as exemplified below:



https://www.urbanoutfitters.com/shop/fair-isle-cozy-crew-sock?category=get-cozy-womens-clothing&color=093&type=REGULAR&size=ONE%20SIZE&quantity=1

35.    Anthropologie provided a website for marketing and selling its products during the terms of the asserted patents, including offering curbside and in-store pickup as exemplified by the current website shown below.



https://www.anthropologie.com/stores/6th-and-lamar-austin.

36.     On Anthropologie's website, in response to a user hovering a cursor over an image of an item for sale, the cursor transformed into a square which may be moved around the image and displayed adjacent to the image a magnified view of the image as exemplified below:



https://www.anthropologie.com/shop/merrell-mag-9-knit-trainer-sneakers?category=shoes-sneakers&color=055&type=STANDARD&quantity=1.

37.     Free People provided a website for marketing and selling its products during the terms of the asserted patents as exemplified by its current website shown below.



https://www.freepeople.com/stores/austin-downtown-austin/.

38.     On Free People's website, in response to a user hovering a cursor over an image of an item for sale, the cursor transformed into a square which may be moved around the image and displayed adjacent to the image a magnified view of the image as exemplified below:



https://www.freepeople.com/shop/hunter-chelsea-nebula-wellies/?category=boots&color=001&type=REGULAR&quantity=1.

39.     Defendant's website functionality, demonstrated above, provided functionality for presentation of a cursor image representative of at least a portion of the subject or topic being displayed on the screen.

## COUNT I – DIRECT PATENT INFRINGEMENT OF THE '102 PATENT

40.     Lexos Media realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

41.     Defendant has practiced without authorization at least claim 72 of the '102 Patent in violation of 35 U.S.C. § 271(a) by operating its website software and server infrastructure in a manner that embodied the subject matter claimed in the '102 Patent as described above.

42.     Defendant's website functionality satisfied each and every claim of at least one claim of the '102 Patent either literally or under the doctrine of equivalents.

43.     Defendant's infringing activities were without authority or license under the '102 Patent.

44.     Lexos is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringing acts during the term of the patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable

royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

## COUNT II – DIRECT PATENT INFRINGEMENT OF THE '449 PATENT

45.     Lexos Media realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

46.     Defendant has practiced without authorization at least claim 53 of the '449 Patent in violation of 35 U.S.C. § 271(a) by operating its website software and server infrastructure in a manner that embodies subject matter claimed in the '449 Patent.

47.     Defendant's customer-facing website operated to provide specified content information to users and transformed a cursor image as recited in the claims.

48.     Defendant's website functionality satisfied each and every claim of at least one claim of the '449 Patent either literally or under the doctrine of equivalents.

49.     Defendant's infringing activities were without authority or license under the '449 Patent.

50.     Lexos is entitled to recover from Defendant the damages sustained by Plaintiff during the term of the patent as a result of Defendant's infringing acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

## JURY DEMAND

51.     Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.     An accounting and an award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement during the patent terms, together with pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

C.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285; and

D.     Any further relief that this Court deems just and proper.


Respectfully submitted this 14th day of December 2020.

By:     Cabrach J. Connor
State Bar No. 24036390
cab@connorkudlaclee.com
John M. Shumaker
Texas Bar No. 24033069
john@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 Telephone
888.387.1134 Facsimile

**ATTORNEYS FOR PLAINTIFF**